IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE LEE ADAMS, ) | No. C 07-0480 MJJ (PR) |
| ) | |
| Petitioner, ) | **ORDER OF DISMISSAL** |
| ) | |
| v. ) | |
| ) | |
| MILLER, ) | **(Docket Nos. 2, 3 & 4)** |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a California prisoner, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. He has applied for leave to proceed in forma pauperis.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

In the petition, petitioner states that he is not in custody serving a sentence based on the charges challenged in the petition, and that the charges were dismissed prior to trial.[1] See

---

[1] A previous habeas petition filed shortly before the instant petition was dismissed on the same grounds. See Adams v. Miller, No. C 07-0480 MJJ (PR). It is unclear from the present petition whether petitioner is challenging the same charges he challenged in the prior petition. If so, then the instant petition would also be duplicative and successive under 28 U.S.C. § 2244.

N:\MJJ\Week of 7.16.07\adams.dsm.wpd

1  Petition at 2, 6.  The federal writ of habeas corpus is only available to persons "in custody" at
2  the time the petition is filed.  See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391
3  U.S. 234, 238 (1968).  This requirement is jurisdictional.  See id.  Moreover, a habeas
4  petitioner must be in custody *under the conviction or sentence under attack* at the time the
5  petition is filed.  Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (emphasis added).  As
6  petitioner states he is not presently in custody pursuant to the charges he challenges, and
7  indeed that said charges were dismissed prior to a trial, he does not satisfy the custody
8  requirement for filing a federal habeas corpus petition.

      Consequently, the instant petition for a writ of habeas corpus is DISMISSED.  In light of this dismissal, the motion for appointment of counsel is DENIED.  In light of petitioner's lack of funds, the application to proceed in forma pauperis is DENIED, and as he has not paid the filing fee, his motion to refund the filing fee is DENIED.

      The Clerk shall close the file and terminate docket numbers 2, 3, & 4.

      IT IS SO ORDERED.

DATED: 7/11/2007



MARTIN J. JENKINS
United States District Judge

N:\MJJ\Week of 7.16.07\adams.dsm.wpd        2